JORGE L. SANCHEZ, ESQ,
Nevada Bar No. 10434
SANCHEZ LAW GROUP, LTD.
930 South Fourth Street, Suite 211
Las Vegas, Nevada 89101
Phone (702) 635-8529
Attorneys for Debtors,

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CHAPTER 13 |
| Rigoberto Perez | CASE NO: 09-14888-LBR |
| Debtors. | DATE: June 18, 2009<br>TIME: 3:30 p.m. |

**MOTION TO VALUE DEBTORS' NON-PRINCIPAL RESIDENCE REAL PROPERTY, AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, AND TO MODIFY THE RIGHTS OF PARTIALLY SECURED LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

COMES NOW, Debtor, Rigoberto Perez (hereinafter "Debtors"), by and through his attorney, Jorge L. Sanchez, of the law firm of SANCHEZ LAW GROUP, LTD., and move this Court to value Debtors' non-principal residence, determine the second lien of Wilshire Credit Corporation to be wholly unsecured and the first lien of America's Servicing Company to be partially unsecured, to avoid wholly unsecured lien and to modify the rights of said creditor accordingly including determining the claim (pursuant to proof(s) of claim which such lienholder may file or have filed) to be unsecured where there is insufficient equity in the residence to secure more than the first lien.

1

1 | This Motion is brought pursuant to 11 U.S.C. § 502(a), §506(a), §1322(b)(2), and Bankruptcy Rule 3012 and 9014, the Points and Authorities set forth below and all documents and pleadings on file herein.

## POINTS AND AUTHORITIES

1. Debtors filed a Chapter 13 petition in the United States Bankruptcy Court, District of Nevada on April 1, 2009.

2. On the date of the petition, Debtors were the owners of real property used as a rental property known and described as 512 Julian Street, Las Vegas, Nevada 89101 (Exhibit "1") legally described as follows:

> Lot 6, Block 1 of Artesian Plaza Resub
>
> A.P.N. 139-36-116-006

3. The value of said principal residence at the time their Chapter 13 petition was filed was $52,000 as set forth more particularly in a written professional appraisal of subject property (Exhibit "2").

4. Said property at the time of filing was subject to the following liens evidenced by Promissory Note and allegedly secured by a Deed of Trust:

| | |
|---|---|
| America's Servicing Company<br>7485 New Horizon Ridge Way<br>Frederick, MD 21703 | First Mortgage: $172,000.00 |
| Wilshire Credit Corporation<br>1776 Southwest Madison Street<br>Portland, OR 97205 | Second Mortgage: $43,537.00 |

5. As of the date of Debtors' Chapter 13 petition was filed no equity existed in said property above the amount of the appraisal value of $52,000 thereby leaving the second loan to Wilshire Credit Corporation as wholly unsecured and the first loan to America's Servicing Company as partially secured to the extent of the value of the property. If said property were foreclosed or otherwise sold at auction on the date of the petition, there would be insufficient proceeds to pay anything to Wilshire Credit Corporation on the second loan and only partial payment to America's Servicing Company on the first loan.

6. Debtor declares that the entire second claim of Wilshire Credit Corporation is unsecured and the first claim of America's Servicing Company is only partially secured such that all such unsecured debt should be reclassified as unsecured to share pro rata with other general unsecured through the debtors' Chapter 13 plan with any proof(s) of claim filed by it modified accordingly to document the claim as unsecured, and that te second lien filed by Wilshire Credit Corporation as identified above encumbering subject property be properly avoided by Order of this Court and the lien of America's Servicing Company on the first loan be modified accordingly by order of the Court.

## LEGAL ARGUMENT

**A.    The Restrictions of 11 U.S.C. §1322(b)(2) Do Not Apply to Real Property Which is Not Debtor's Principal Residence.**

11 U.S.C. § 1322(b)(2) does not apply to this property as it is not Debtor's principal residence.

That section provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may —
>
> \*\*\*\*\*
>
> (2) modify the rights of holders of secured claims, other Than a claim secured only by a security interest that is secured by an interest in real property that is the debtor's principal residence, . . . .

**B.    The Claims by Lienholders May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a)**

11 U.S.C. § 506(a)(1) provides in pertinent part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject To setoff under section 553 of title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount of such allowed claim.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C.

§ 1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. § 506(a).

**C.    Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtor herewith objects to any and all Proof(s) of Claim which may have been filed by Wilshire Credit Corporation and America's Servicing Company relative to their loans and request that any Proof(s) of Claim of same representing such claims consistent with the Order of this Court determining their claims to be wholly unsecured in the case of the lien of Wilshire Credit Corporation and only partially secured in the case of the lien of America's Servicing Company.

## CONCLUSION

Debtors request determination of value of Debtors non-principal residence real property to be less than the amount of the first lien and argue that since the second lien of Wilshire Credit Corporation is wholly unsecured, it may be completely avoided and "stripped off" pursuant to 11 U.S.C. § 506(a) and that the first lien of America's Servicing Company may be modified, stripped down and reduced to the actual value of the property; that the said claims be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the debtors Chapter 13 plan and that the Proof of Claim of the lienholders be modified consistent with the actual value of the property.

Wherefore, Debtors pray this Court:

1.    Determine the value of Debtors' non-principal residence real property to $52,000 or such other amount as the evidence may justify as of the date of the Petition; and

2.    Avoid and extinguish the second lien of Wilshire Credit Corporation as a wholly unsecured lien pursuant to 11 U.S.C. §506(a) upon completion of the Debtors' Chapter 13 plan; and

3.    Modify the first lien of America's Servicing Company as secured only to the extent of the actual value of the property as of the date of the Petition; and

4.    Reclassify the second claim of Wilshire Credit Corporation and the non-secured portion of Wilshire Credit Corporation claim as general unsecured claims to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 plan; and

5. Conform any Proof(s) of Claim filed by America's Servicing Company to the secured/unsecured status of said claims as determined by this Court.

6.    Order such other relief as the Court may deem appropriate.

Dated: May 19, 2009

Respectfully Submitted:

/s/Jorge L. Sanchez, Esq. /s/
Jorge L. Sanchez, Esq.
Attorney for Debtor